UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SONNY BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| NATIONAL CRANE CORP. and | § | SA-10-CV-0196 NN |
| THE MANITOWOC CO., INC., d/b/a | § | |
| National Crane, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| FIRST LIBERTY INSURANCE | § | |
| CORPORATION, | § | |
| | § | |
| Intervenor Plaintiff, | § | |
| v. | § | |
| | § | |
| NATIONAL CRANE CORP. and | § | |
| THE MANITOWOC CO., INC., d/b/a | § | |
| National Crane, | § | |
| | § | |
| Intervenor Defendants. | § | |

## ORDER ON INTERVENOR'S CLAIM

This order addresses the pending motion for summary judgment. The motion addresses the remaining issues in this case. After considering the pleadings and applicable law, I grant the motion.

**Nature of the case**. This case arose from plaintiff Sonny Barrera's lawsuit against

defendant National Crane Corporation and defendant The Manitowoc Company, Inc. (together, the defendants).  Barrera sued for damages flowing from an on-the-job accident.  The defendants settled with Barrera for $30,000.  First Liberty Insurance Corporation (Liberty) then sought to intervene to recover its subrogation interest by virtue of its payment of workers compensation benefits to Barrera.[1]

After Liberty asked to intervene, the defendants asked to deposit the settlement money into the court's registry.[2]  I conducted a hearing to explore the possibility of settling Liberty's claim.[3]  All agreed to placing the settlement money with Barrera's attorneys pending resolution of Liberty's claim.  I granted Liberty's request to intervene.

Since then, Liberty and Barrera have been unable to agree about the disposition of the settlement money.  I asked for briefing on the disputed issues.  Barrera moved for summary judgment on the disputed issues.  Liberty responded one day late and sought an extension of time.  Barrera objected to the extension of time and asked the court to strike Liberty's response.  I will overrule Barrera's objection and consider Liberty's response in determining whether summary judgment is appropriate.  Summary

---

[1] Docket entry # 34.

[2] Docket entry # 35.

[3] Docket entry # 37 (referring to status hearing).

2

judgment is appropriate "if [Barrera as] the movant shows that there is no genuine dispute as to any material fact and [Barrera] is entitled to judgment as a matter of law."[4]

**Barrera's motion for summary judgment**.  In his motion, Barrera argued that Texas workers compensation law entitles him to one-third of the settlement money to pay his attorneys.  Barrera explained that he agreed to pay his attorneys 40% of any recovery in this lawsuit, after his expenses.  Barrera presented evidence of expenses in the amount of $27,275.36.  Barrera asserted that he is entitled to one-third of the settlement money as an attorney fee.

Liberty did not dispute that Barrera is entitled to an attorney-fee award, but argued that summary judgment is inappropriate because Barrera's contingent-fee arrangement with his attorneys is irrelevant to Liberty's claim and because Barrera failed to show expenses in the amount of $27,275.36 were reasonable to obtain a $30,000 settlement.  Barrera maintained that a reasonableness determination is not required.

**Texas workers compensation law**.

> The Texas Workers' Compensation statute permits an employee to seek damages from the third-party tortfeasor.  In such case, the insurance carrier is subrogated to the rights of the employee for any benefits paid by the carrier.  This right creates a lien in favor of the insurance carrier in the amount it has paid to an employee out of the first money recovered from

---

[4] Fed. R. Civ. P. 56(a).

the third-party tortfeasor.[5]

Applied to this case, Liberty, as the insurer carrier, has a subrogation right and a lien in the amount it has paid to Barrera as workers compensation benefits out of the first money recovered in this lawsuit. Under Texas workers' compensation law, "[t]he net amount recovered by a claimant in a third-party action [like Barrera] shall be used to reimburse the insurance carrier [like Liberty] for benefits, including medical benefits, that have been paid for the compensable injury."[6] Because Liberty paid benefits in an amount greater than $30,000, Liberty has a subrogation right to the entire amount subject to Texas law for an award of attorney fees.

**Award of attorney fees.** "[A]s compensation for pursuing the third-party action, the employee's attorney may recover fees for services rendered."[7] "Such fees are payable out of the carrier's subrogation recovery in an amount not to exceed one-third of the insurance carrier's recovery. Thus, the 'net amount recovered' by the employee is the third-party recovery less the employee's attorney's fees."[8]

Under these legal principles, Barrera's attorneys are entitled to an attorney fee of

---

[5] *Texas Workers' Compensation Ins. Fund v. Alcorta*, 989 S.W.2d 849, 851 (Tex. App.—San Antonio 1999, no pet.).

[6] Tex. Labor Code § 417.002(a).

[7] *Alcorta*, 989 S.W.2d at 851.

[8] *Alcorta* 989 S.W.2d at 852 (citations omitted).

4

one-third of the $30,000 settlement allocated to Liberty. The only question before the court is whether Barrera must demonstrate an award of $10,000 for attorney fees and expenses is reasonable and necessary. Barrera maintained "there is no requirement that [his] expenses be shown to be reasonable because the failure to pay for the previously incurred costs will give the carrier a windfall at the expense of the injured Plaintiff."[9]

**Statutory provisions for an attorney-fee award**. Texas law "provides three ways by which an attorney may recover fees based upon a subrogation recovery: (1) where the insurer has an attorney but he does not actively represent [the insurer]; (2) where the worker's attorney represents both the worker and the insurer; and (3) where the insurer has an attorney who actively represents it and participates in obtaining a recovery."[10] "An attorney 'actively represents' a carrier when he or she 'takes steps, adequate when measured by the difficulty of the case, toward prosecuting the claim.'"[11] "In determining whether an attorney actively represented the carrier's interest, the controlling factor is not who aided in the claimant's recovery but, rather, who aided in

---

[9] Docket entry # 48, p. 3.

[10] *Erivas v. State Farm Mut. Auto. Ins. Co.*, 141 S.W.3d 671, 677 (Tex. App.—El Paso 2004, no pet.).

[11] *Erivas*, 141 S.W.3d at 678.

the carrier's recovery."[12]

Here, the evidence indicates that Liberty has an attorney, but Liberty's attorney did not actively represent Liberty's interest in obtaining a recovery from the defendants. Although Liberty's attorney asked to intervene, Texas courts require more for active representation of the carrier's interest.[13] In the absence of active representation, the

---

[12]*See Morales v. Michelin N. Am.*, 351 S.W.3d 120, 123 (Tex. App.—San Antonio 2011, no pet.) (internal citation omitted) (writing in a workers compensation dispute, "'Active representation requires more than filing pleadings asserting the carrier's subrogation interest,'" and explaining that active participation includes "serving discovery requests, preparing and delivering discovery products, deposing witnesses, hiring experts, participating in hearings, preparing the charge, negotiating a settlement, and the like); *Elliott v. Hollingshead*, 327 S.W.3d 824, 836 (Tex. App.—Eastland 2010, no pet.).

[13]*See Elliott*, 327 S.W.3d at 836 (determining that carrier's attorney actively represented his client's interest by filing a plea in intervention, twice amending the plea in intervention, attending depositions and mediation, entering into stipulations as to the amount of benefits defendant-employer paid to deceased employee's minor children and employer subrogation rights, moving for order nunc pro tunc seeking clarification of the trial court's rulings on motion for summary judgment, and participating in a hearing on the motion; the court found the carrier's attorney clearly took steps to protect employer's subrogation rights and aided in its recovery); *Caesar v. Bohacek*, 176 S.W.3d 282, 285 (Tex. App.—Houston [1 Dist.] 2004, no pet.) (explaining why the carrier's attorney actively represented the carrier; the attorney filed a petition in intervention, designated the carrier's expert witnesses, produced documents establishing the amount of workers' compensation benefits paid to the injured employee, negotiated a settlement with the defendant and his insurer, and filed a copy of the settlement agreement with the trial court); *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 203 (Tex. App.—Dallas 1993, no pet.) (determining that "an attorney did not actively represent the carrier's interest" where the injured employee's attorney was solely responsible for negotiating the settlement with the defendant, and the carrier's attorney took no part in settlement negotiations, the carrier's attorney refused the defendant's offer to settle for more than the benefits paid, the carrier's attorney refused the defendant's offer to settle for the amount of the benefits paid and filed suit).

following statutory provision applies:[14]

> An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier.  In the absence of an agreement [between the claimant's attorney and the insurance carrier, the court shall award to the attorney payable out of the insurance carrier's recovery:
>
> (1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and
>
> (2) a proportionate share of expenses.[15]

In this case, there was no agreement, so Barrera is entitled to "a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery" and "a proportionate share of expenses."

Barrera argued that Texas law does not require a finding of reasonableness for an award of attorney fees, but the use of the language "reasonable fee" in statutory provision quoted above implicitly requires a reasonableness finding.  Liberty complained that Barrera provided insufficient documentation to support an award of one-third of the settlement money, but Texas courts do not require the claimant's attorney to submit a detailed account of specific hours expended and an hourly rate to

---

[14]*See Morales v. Michelin N. Am.*, 351 S.W.3d 120, 124 (Tex. App.—San Antonio 2011, no pet.) ("Subsection (c) does not apply to a contest between the claimant and the carrier. If a claimant improperly resists paying the carrier its subrogation interest, the carrier may seek to recover its attorney's fees in a declaratory judgment action.").

[15]Tex. Labor Code § 417.003(a).

justify an award of attorney's fees under Texas workers compensation law.[16]

In the Fifth Circuit, courts use the "lodestar" method and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine statutorily authorized attorney fees.[17] Although I found no opinion in which the Supreme Court of Texas explicitly adopted this method,[18] Texas courts have often used the lodestar method and the *Johnson* factors to determine a reasonable attorney fee.[19] Although the lodestar method does not quite fit a contingent-fee recovery, the *Johnson* factors are helpful in determining the reasonableness of a $10,000 award.

**Application of the Johnson factors**. The twelve *Johnson* factors are: (1) the time

---

[16]*See Twin City Fire Ins. Co. v. Meave*, 743 S.W.2d 765, 766 (Tex. App.—Hous. [1st Dist.] 1988, no writ); *Univ. of Tex. Sys. v. Melchor*, 696 S.W.2d 406, 408 (Tex. App.—Hous. [14th Dist. 1985, no writ).

[17]*McClain v. Lufkin Indus.*, 519 F.3d 264, 284 (5th Cir. 2008) (internal citations omitted).

[18]*See Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) ("Because Texas courts engage in a similar analysis, it has not been necessary for our court to decide whether the *Johnson* factors control in Texas diversity cases.").

[19]*See Gen. Motors Corp. v. Bloyed*, 916 S.W.2d 949, 960 (Tex. 1996) (explaining in a class action case about defective truck gas tanks that one of two methods for calculating attorney fees is the lodestar method and citing *Johnson*); *City of Houston v. Levingston*, 221 S.W.3d 204, 237 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating in a Texas whistleblower statute case, "[a]fter calculating the lodestar amount, a trial court can adjust the lodestar amount upward to account for the well-established *Johnson* factors"); *County of Dallas v. Wiland*, 124 S.W.3d 390, 403 (Tex. App.—Dallas 2003, pet. granted), *rev. on grounds other than attorney fees*, 216 S.W.3d 344 (Tex. 2007) (discussing, in a civil rights case tried in state court, the lodestar method of calculating attorney fees using the *Johnson* factors).

and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he or she accepted the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[20]

Time and labor required. Barrera's attorneys asserted that they actively pursued this case for 18 months. During that time, the attorneys participated in written discovery, conducted depositions, inspected the accident site, attended mediation, appeared for a hearing, and briefed the disputed issues. Barrera's lawyers practice in Houston and Lubbock. Personal injury lawyers practicing in Houston typically receive a median hourly rate of $228; and in Lubbock, a median hourly rate of $190.[21] Considering the time and labor required, and the median hourly rates, this factor weighs in favor of reasonableness for a $10,000 award.

Novelty and difficulty of the issues. Barrera's attorney approached this case with

---

[20]*Johnson*, 488 F. 2d at 717-19.

[21]St. Bar of Tex., Dep't of Research & Analysis, 2009 Hourly Fact Sheet.

the theory that Barrera's injury resulted from a defective crane.  Cases involving defective products require specialized knowledge of products liability law, and in this case, an understanding of safety and manufacturing standards for cranes.  During the deposition of a defendant employee, the attorneys discovered evidence implicating Barrera's employer rather than the defendants who manufactured the crane.  Because Texas workers compensation laws prevented Barrera from suing his employer, the attorneys were forced to change their litigation strategy to obtain any recovery at all.  Considering that Barrera could not have discovered either evidence of defectiveness or employer liability without the benefit of a significant number of attorney hours, this factor weighs in favor of reasonableness.

<u>Skill required to perform the legal service adequately; experience, reputation, and ability of the attorneys</u>.  These considerations are evidenced where "counsel performed diligently and skillfully, achieving a speedy and fair settlement, distinguished by the use of informal discovery and cooperative investigation to provide the information necessary to analyze the case and reach a resolution."[22]  I do not question the legal skill, ability, experience, and resources of Barrera's attorneys.  The attorneys appear to have substantial litigation experience and were required to prepare for the depositions.  The defendants were represented by experienced counsel from

---

[22] *Di Giacomo v. Plains All Am. Pipeline*, No. H-99-422001, 2001 U.S. Dist. LEXIS 25532, at *36 (S.D. Tex. Dec. 18, 2001).

reputable law firms who challenged and defended Barrera's claims. Despite an unexpected turn in the litigation, Barrera's attorneys recognized the improbability of a greater recovery and settled with the defendants. Barrera's attorneys also sought to settle Liberty's claim. Considering the circumstances, a $10,000 award more likely represents less than the degree of experience, competence and effort necessary to achieve the settlement. This factor weighs in favor of reasonableness.

<u>Preclusion of other employment by the attorneys</u>. There is no indication that this case prevented Barrera's attorneys from representing other clients. This factor weighs neither in favor or against reasonableness.

<u>Customary fee</u>. Typically, attorneys pursue personal injury and products liability cases a contingency-fee basis. Plaintiffs typically contract to pay their attorneys 40% of any recovery after costs. Barrera's attorneys prosecuted this case on a contingency-fee basis and advanced all costs and expenses incurred in connection with the case. A risk of no recovery and significant uncertainty existed. These risks are properly considered in awarding attorneys' fees. The legal profession accepts contingent fees that exceed the market value of the services if rendered on a non-contingent basis as a legitimate way of assuring competent representation for plaintiffs who cannot afford to pay on an hourly basis regardless of whether they win or lose.[23]

---

[23] *See In re Wash. Pub. Power Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).

Community standards for this type of case weigh in favor of reasonableness.

<u>Time limitations imposed by the client or the circumstances</u>.  The parties in this case operated under a reasonable time-frame and complied with the scheduling order. Barrera's attorneys were required to travel from Texas to South Dakota to inspect the accident site, to travel to depose the defendants, and to travel from Houston and Lubbock to San Antonio to attend a hearing.  I do not question whether Barrera's attorneys devoted significant time to ensure the case was properly handled.  This factor weighs in favor of reasonableness.

<u>The amount involved and the results obtained</u>.  "'[T]he most critical factor in determining the reasonableness of a fee award 'is the degree of success obtained.'"[24] Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award.[25]  Although on its surface a $30,000 recovery may appear unreasonable considering the expenditure of attorney hours and expenses in this case, the unexpected turn in the litigation implicating Barrera's employer explains the proportionality.  Had Barrera's attorneys not pursued this case, Liberty would recover nothing.  Given the nature of the litigation, the issues involved, the risks faced, the quality of the work performed, and the defenses confronted, a $10,000 award is

---

[24]*Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citation omitted).

[25]*Hensley,* 461 U.S. at 436.

reasonable in relation to the benefit achieved.

<u>The undesirability of the case</u>.  From the outset, this case was undesirable because Barrera lacked the financial resources to hire an attorney.  Attorneys who represent clients who cannot afford to pay them must accept the risks involved with contingency-fee representation.  The risk that investigating the client's claim and conducting discovery will reveal significant weaknesses in a client's claim is an inherent risk.  An injured Texas worker has no likelihood of a recovery in this type of case unless an attorney is willing to accept that risk.  Taking the risk weighs in favor of reasonableness in this case.

<u>Nature and length of the professional relationship with the client</u>.  Barrera's attorneys did not address the nature and length of their professional relationship with Barrera.  As such, this factor weighs neither in for nor against reasonableness.

<u>Awards in similar cases</u>.  Although Barrera's attorneys did not address awards in similar cases, the $30,000 settlement does not appear unreasonable considering the turn in the litigation.  An award of $10,000 as one-third of the recovery is not unreasonable.

<u>Expenses</u>.  Although Liberty questioned the reasonableness of Barrera's expenses, I do not find the expenses unreasonable considering the unexpected turn in the litigation implicating Barrera's employer.  Under the circumstances of this litigation, Barrera's expenses are reasonable and contributed to the ultimate recovery obtained

through the settlement.

**Conclusion**.  The *Johnson* factors weigh in favor of the reasonableness of a $10,000 attorney-fee award.  After deducting that amount from the settlement money, $20,000 is available for Barrera's expenses.  Because Barrera's expenses are greater than $20,000, he is entitled to the balance of the settlement money.  Based on the foregoing, I deny Barrera's motion to strike Liberty's response (docket entry # 48), grant Barrera's motion for summary judgment (docket entry # 44) and award Barrera's attorneys the full amount of the settlement money, or $30,000.

**SIGNED** on January 25, 2012.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE